*Cord, for appellee.*

---

GEORGE W. WHITE ET AL *v.* D. H. HICKEY ET AL.

Judicial Sales—Right to Partite Lands After Sale and Before Confirmation.
A sale, ordered at the instance of the litigants upon an agreed judgment, may be set aside at their request, and the lands partited, according to their agreement.

Same.
Where before a sale by a commissioner is confirmed, the litigants, for whose benefit the sale was made, notify the commissioner they did not want the judgment executed, a subsequent confirmation of the sale by the court, will be dismissed.

APPEAL FROM SCOTT CIRCUIT COURT.

October 2, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

This court can perceive no good and valid reason for enforcing the sales made by the master commissioner in opposition to the wishes of the appellants. Although the judgment under which said sales were made, was entered at their instance it was for their sole benefit, and could only be enforced by their consent. They had the legal right to make partition of the property after the judgment, and their deeds vested each grantee with a perfect title to the estate conveyed.

Before the sale by the commissioner was completed by the execution of bonds by the purchasers he was notified that the partition had been made, and that the parties did not wish the

judgment executed. This information he doubtless imparted to said purchasers, but whether he did or not they were nothing more than preferred bidders. It was still within the power of the chancellor to reject their bids. The appellants were somewhat derelict in not preventing the sales, but as neither of them were present when the sales were made either in person or by attorney they are not directly responsible for the action of the purchasers. The confirmation of the sales under the circumstances will work a great hardship upon appellants, a hardship they ought not to suffer, when it can be averted without divesting appellees of any vested rights or even of depriving them of speculations to be made upon the property bid for. They claim and the proof offered by them conduces to show that they bid not only the fair value for the property but even more than this. If such be the case they will lose nothing by having their bids rejected.

The judgment of the court confirming the commissioner's report is reversed, and the cause remanded with instructions to sustain the exceptions to such report, and cancel the purchase bonds. A reasonable allowance should be made to the master for making the sale.

*Stevenson, for appellant.*

*Robinson, for appellee.*